## WILSON V. SLAUGHTER.

### Decided April 12, 1890.

1. *Coparcenary estate—Appropriation to heir's debts.*

  Where the share of an heir in the estate of his intestate has been appropriated to the payment of his individual indebtedness, for which the intestate was security, he is not entitled to participate further in the estate.

2. *Innocent purchaser—Notice—Execution sales.*

  One who buys at an execution sale with notice of existing equities is not an innocent purchaser.

APPEAL from *St. Francis* Circuit Court.

M. T. SANDERS, Judge.

Suit by Sallie Slaughter and others, heirs of Edwin Jones, deceased, against D. M. Wilson, trustee under a mortgage, John I. Jones, one of the heirs of Edwin Jones, and Philander Littell, execution purchaser of the distributive share of John I. Jones in the estate of Edwin Jones, to settle the right to a one-third share in a fund in the hands of the trustee belonging to said estate and claimed by plaintiffs and by defendant, Littell. The court decreed that the fund belonged to plaintiffs. Defendants, Littell and Wilson, appealed. The facts appear in the opinion.

*John J. & E. C. Hornor* for appellants.

Under the facts in this case, the relation of principal and surety existed as to the mortgage debt. If Edwin Jones had paid the debt in his life-time, his remedy against his principal, John I. Jones, would have been that he was entitled to be refunded the amount paid by him with interest. Mansf. Dig., secs. 6401, 6402.

The payment would only have created a debt against John I. Jones. It did not in any manner affect the heirship to the property of Edwin Jones. Having died without a will, the law cast the descent of his property upon his heirs. The payment by his estate of the debt created a debt in favor of the administrator, but it could not change the law of inheritance.

*James P. Brown* for appellees.

No relation of debtor and creditor ever existed between Edwin and John I. Jones, either in the life-time of Edwin or after his death. Neither Edwin nor his administrator ever paid the mortgage debt. The administrator never had anything to do with the proceeds of the sale, or the surplus after the debt was paid. This surplus could not go to the administrator, because, first, although the surplus was money, yet it was not *personal property*, but it was real estate by equitable conversion. Jones on Mortg., 3d ed., secs. 1695, 1931; Perry on Trusts, 3d ed., sec. 602, *ff.*; Story, Eq. Jur., sec. 790. And second, the surplus being real estate, the administrator of Edwin had no right to it except to pay debts, and there were no debts.

The heirs of Edwin inherited the tract encumbered for more than one-third of its value for the benefit of one of the heirs, John I. It was their property as equal tenants in common, subject to said mortgage encumbrance, and a court of chancery will not decree to one of these tenants in common, who is hopelessly insolvent, an equal share, when he

has already enjoyed, and had the benefit of, more than his share.

John I. himself cannot claim it, and Littell having purchased with notice, stands in no better attitude. All of John I.'s share, and more, went to pay the mortgage debt, and there is nothing left to him; the surplus goes to the other heirs.

PER CURIAM. Edwin Jones was the owner of the land, the proceeds of the sale of which are now in dispute. He mortgaged it to secure the payment of the debt of his brother, John I. Jones. Edwin died intestate, and John I., being one of the heirs, inherited a third interest in the land. It does not appear that Edwin has any other estate, and as John I. has been wholly insolvent all the while, we take it, there is none. The land was sold under the power in the mortgage after Edwin's death, and the fund in dispute remained after paying the mortgage debt.

<div style="float:right">1. Coparcenary estate—Appropriation to heir's debts.</div>

Under these circumstances, if John I. were seeking a distribution of the fund, he would take nothing, because the full share to which he was entitled had been appropriated to the payment of his debt. It would stand as though he himself had previously drawn out his share of the fund.

If a part only of the land had been taken under the mortgage to satisfy John I.'s debt, and the residue had stood for partition among the heirs of Edwin, a court of equity would not have awarded John I. any part of it; but as between him and his co-heirs, it would have treated him as having mortgaged his interest in the land, and the purchaser at the mortgage sale as having succeeded to his rights. The appellants substantially concede that John I. Jones could not have enforced any claim to the fund. But Littell, for whose benefit a share of the fund is claimed, purchased the interest of John I. Jones in the land at execution sale with actual knowledge of all the facts and of the equities of the appellees.

<div style="float:right">2. Purchaser at execution sale— When not innocent.</div>

Under such circumstances, the purchaser takes no greater right than the debtor himself had. *Pindall v. Trevor*, 30 Ark., 249; *Allen v. McGaughey*, 31 Ark., 252; *Newman v. Davis*, 24 Fed. Rep., 609.

Let the judgment be affirmed.