His horse would then be on the track. The danger of the situation would be like that which results from a car suddenly emerging from a tunnel or coming around a curve in the road from a point where it had been hidden from view. This danger was known to the deceased and to the motorman, and it imposed duties on each. Whether either failed in the performance of a duty to which the circumstances gave rise was a question for the jury. The rule in Carroll v. Railroad Co., 12 W. N. C. 348, is applicable only in clear cases where there is no reasonable doubt as to the facts or the inferences to be drawn from them: McNeal v. Railroad Co., 131 Pa. 184; Doyle v. Chester Traction Co., 214 Pa. 382. Where there is uncertainty as to either, the case is necessarily for the jury.

The judgment is affirmed.

----

# Gillingham's Estate.

*Will—Legacy—Charge of debt against legatee—Books of account—Statute of limitation—Evidence.*

Where a testator directs that a debt due to him by his brother shall be charged against a legacy given to the brother, books of account of the testator are admissible in evidence to show the amount of the debt due by the brother, where the testator's private secretary who produces the books testifies that the decedent had directed that the account against his brother should be carried over from year to year as an indebtedness, and that it remained unpaid at the time of the decedent's death. In such a case the brother cannot plead the statute of limitation, inasmuch as he is a mere volunteer, and must take the bounty of the testator upon the terms upon which it was bestowed.

Argued Feb. 4, 1908. Appeal, No. 342, Jan. T., 1907, by Frank C. Gillingham, from decree of O. C. Montgomery Co., Dec. T., 1906, No. 17, dismissing exceptions to adjudication in Estate of Joseph E. Gillingham, deceased. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Exceptions to adjudication.

SOLLY, P. J., filed the following opinion :

The thirtieth paragraph of the will of the decedent provides

as follows : " I will and direct that all indebtedness which at
the time of my decease may be due to me by my brother,
Frank C. Gillingham, shall be charged only against the share
of income of my said brother in my residuary estate. I direct
that no interest shall be charged on said indebtedness." Har-
rison L. Newhall, the private secretary of the decedent for
many years, and who was conversant with all his property
and affairs, according to the decedent's statement in the forty-
sixth paragraph of the will, produced the books and accounts
of the decedent, and they showed an open account against
Frank C. Gillingham, which Mr. Newhall declared the dece-
dent directed to be carried over from year to year as an in-
debtedness of the brother, and that it remained unpaid at the
time of the decedent's death. The amount of the indebted-
ness thus shown is $9,037.60.

The brother denied the indebtedness, but no competent evi-
dence showing payment was offered. He also contended that
the account and books produced were not legal evidence of in-
debtedness, but if so, then recovery was barred by the statute
of limitations. We held that the uncontradicted evidence
showed that the decedent regarded the account as the evi-
dence of the indebtedness of his brother, and intended it
should be charged against his share of the estate, otherwise
the thirtieth paragraph of the will is meaningless. We also
held that inasmuch as the estate was not attempting to recover
a debt more than six years old, the statute of limitations had
no application. We directed the indebtedness of the brother
to be charged against his share of the income of the residuary
estate. This conclusion was based upon the evidence produced,
the fact that the indebtedness was a matter within the personal
knowledge of the testator when he made his will, and his right
to direct the deduction of the indebtedness from the share of
the brother, " a volunteer who the law declares must take
the bounty of the testator upon the terms in which it is be-
stowed."

The sole exception relates to the finding and conclusion of
the court in this matter. The exceptant earnestly contends
that because the testator did not refer in his will to his books
of account as showing the indebtedness of his brother, it was
incompetent, therefore, to admit the books as evidence. The

evidence of Mr. Newhall, however, rendered them admissible for the purpose of showing that the testator considered the charge therein shown as the evidence of the indebtedness of the brother. There was no other indebtedness of the brother when the will was made. The testator, of course, could have stated the amount, but his intention to charge the brother is none the less clear because he did not do so.

It is argued that because the testator expressly directed such indebtedness which at the time of his decease might be due by the brother to be deducted from his share, it must be assumed in law that only the indebtedness that is demandable and collectible by process of law can be deducted. A debt may be due, that is justly and honestly owing, and yet the creditor be without remedy to enforce payment because of the plea of the statute of limitations. Still the debt is due, it is owing. The word " due " is used by judges, legislators and lexicographers as synonymous with " owing : " Fulweiler v. Hughes, 17 Pa. 440. " Due " means " owed," " owing : " Century Dictionary. It is defined, " owed, owing, owing and unpaid, remaining unpaid, an indebtedness : " 14 Cyc. 1107.

To the testator the word " due " had doubtless the same meaning as owing. The indebtedness referred to by him was what his brother owed him, what remained unpaid at the time of his death. As was said in Keiser v. Keiser, 199 Pa. 77, so here, the testator has in his will indicated his intention as to the indebtedness in question, and by positive direction indicated his wishes in this respect. He has, in plain words, required not its collection, but its deduction from the share of his brother.

And now, July 10, 1907, the exception is dismissed, and the adjudication finally confirmed.

*Error assigned* was in dismissing exceptions to adjudication.

*Joseph Hill Brinton*, with him *Theodore Lane Bean* and *Algernon B. Roberts*, for appellant.—No proper evidence of the indebtedness was shown : Curren v. Crawford, 4 S. & R. 3 ; Bulkley v. Wood & Co., 4 Pa. Superior Ct. 391 ; Huston's Est., 167 Pa. 217 ; Callaway v. McMillian, 11 Heiskell (Tenn.), 557 ; Hess's App., 112 Pa. 168 ; Linn's Est., 2 Pearson, 487 ; Saam v. Saam, 4 Watts, 432 ; Hudson v. Hudson, 21 Pa. Su-

perior Ct. 92; Hoe v. Seitz, 1 W. N. C. 429; Mertz's Appeal, 7 Atl. Repr. 187; Ahl v. Ahl, 176 Pa. 466; Verrier v. Guillou, 97 Pa. 63.

The claim, if any, was barred by the statute of limitations: Milne's App., 99 Pa. 483; Light's Estate, 136 Pa. 211; Reck's App., 78 Pa. 432; Hastings v. Engle, 217 Pa. 419; Fulweiler v. Hughes, 17 Pa. 440; Hancock's App., 112 Pa. 532; Byers's Est., 186 Pa. 404; Allshouse's Est., 23 Pa. Superior Ct. 146.

*Jas. Aylward Develin*, with him *Neville D. Tyson*, for appellee.—There was sufficient proof of the indebtedness: Wright's App., 93 Pa. 82; Keiser v. Keiser, 199 Pa. 77.

The statute of limitations is a bar to the remedy only and does not discharge the debt; so that when waived by a new promise the action proceeds upon the original contract and not upon the new promise: Yaw v. Kerr, 47 Pa. 333; Bolton v. King, 105 Pa. 78; Hengst's Est., 6 Watts, 86; Wright's App., 89 Pa. 67; Oller v. Bonebrake, 65 Pa. 338; Kener's Est., 19 Lanc. L. R. 313; Keiser v. Keiser, 199 Pa. 77; Falk's Est., 22 Lanc. L. R. 331.

The law is well settled that, when a person accepts a legacy it is an election to stand by the provision of the will: Fulton v. Moore, 25 Pa. 468; Pennsylvania Co. v. Stokes, 61 Pa. 136.

PER CURIAM, March 2, 1908:

The decree of the court is affirmed on the opinion of the learned judge of the orphans' court, dismissing exceptions to the adjudication.

---

## Moyer's Estate.

*Wills—Probate—Issue devisavit vel non—Refusal of issue—Testamentary capacity — Undue influence — Evidence.*

On an application for an issue devisavit vel non it appeared that the testatrix was a widow without children, and that her nearest of kin were two brothers and a sister. To one brother, the contestant, with whom her relations were not cordial, she left a small legacy; and she divided the rest of her estate equally between the other brother, with