WISNER *v.* RICHARDSON.

Opinion delivered February 18, 1918.

1.  WILLS—DEVISE OF LAND SUBJECT TO MORTGAGE—DEVISEES TAKE WHAT INTEREST.—Deceased by will, devised certain property to her brothers and sister, provided they discharge a certain encumbrance thereon. *Held,* the devisees were not required to take

under the will, but if they took the property at all, that they were required to take it subject to the encumbrance. A person can not take the benefits under a will and renounce the burdens. Here the devisees could take the land subject to the encumbrance, or could not take it at all, although they were heirs of the testatrix.

2. WILLS—EFFECT ON LAW OF DESCENT AND DISTRIBUTION.—A will arrests the operation of the law of descent and distribution; collateral heirs have no right, such as a widow has, to elect between the provisions of a will and the provisions of the statute.

3. WILLS—DEBTS OF DECEASED—MARSHALING ASSETS.—Deceased owned a 40 and a 20-acre tract of land. Upon both were two mortgages given to secure a debt of her husband. By will she devised the 40-acre tract to her brothers and sister, provided they would discharge the whole mortgage debt, and devised the 20-acre tract to her husband, clear. *Held*, the facts did not present an issue for the application of the doctrine of marshaling assets.

Appeal from Randolph Chancery Court; *Geo. T. Humphries*, Chancellor; affirmed.

*J. W. Meeks, T. W. Campbell* and *W. L. Pope*, for appellants.

1. Defendant's demurrers should have been sustained. 91 Ark. 400; 94 *Id.* 572; 99 *Id.* 218; 104 *Id.* 459.

2. On the merits both the complaint and cross-complaint should be dismissed for want of equity. 4 Kent, Com. 126-7; 40 Cyc. 1688, 1726; 9 L. R. A. (O. S.) 167; 1 Demblitz on Land Titles, 163; 77 N. E. 458; 95 Ark. 340; 1 Cooley, Blackstone (4 ed.), 560; 97 N. S. 693. The will was without effect as the devisees never agreed to take under it. They renounced it. Where a beneficiary disclaims the will becomes inoperative as to him and he is released from all obligations imposed by it. 40 Cyc. 1898-9; Rood on Wills, § 521; 2 Schouler on Wills (5 ed.), § 1498a.

Plaintiff and cross-complainant are not entitled to subrogation. 126 Ark. 443; Bispham, Eq. (9 ed.), § 338; 19 N. W. 580; 47 *Id.* 102; Beach. Mod. Eq. Jur., § 819; 56 Ark. 563; 50 *Id.* 361; 63 N. Y. 493.

*J. J. Lewis* and *E. G. Schoonover*, for appellee, Richardson.

1. Richardson was entitled to subrogation. 108 Ark. 555; 37 Cyc. 365; Bispham, Eq. 338; 40 Ark. 132. He purchased at a judicial sale and acquired no title and was subrogated to the rights of creditors whose debts he paid. 50 Ark. 361; 42 *Id.* 77; 50 *Id.* 484; 55 *Id.* 30; 29 *Id.* 47; 56 *Id.* 563; *Ib.* 574; 84 *Id.* 277; Freeman, Void Judicial Sales, pars. 51-55. Richardson proved every fact necessary to entitle him to relief.

*S. A. D. Eaton,* for appellee, Harper; *Jerry Mulloy,* of counsel.

1. Harper was clearly entitled to subrogation. 90 Ark. 152; 40 Cyc. 1386; 60 Ala. 316; 2 A. K. Marsh (Ky.), 5; 1 Allen, 129; 64 N. Y. 332; 68 N. C. 251; 29 Pa. St. 237; 2 Hill, Eq. 329; 7 Heisk. 65; 40 S. W. 439; 7 Leigh. 419; 31 Pac. 428; 24 N. J. Eq. 277; 88 N. Y. 153; 40 Ark. 132: 50 *Id.* 205; 37 Cyc. 370, 382.

SMITH, J. There are but few disputed questions of fact in this case, and those in dispute are not of controlling importance. The facts may be stated as follows: On March 25, 1912, Mrs. Nannie W. Harper was the owner of the southwest quarter of the northeast quarter of section 32, township 20 north, range 3 east, and a portion of the southeast quarter of the northeast quarter of the same section, and on that date she executed two deeds of trust to the Commonwealth Farm Loan Company, to secure a debt of James A. Harper, her husband, in the sum of $1,500. One of these deeds of trust was to secure the principal, the other to secure the interest thereon. Mrs. Harper died testate in March, 1915, but named no executor in the will, and her husband was appointed administrator with the will annexed. Under the will Mrs. Harper devised to James, Rufus and John Wisner, her brothers, and Elsie Allen, her sister, the forty-acre tract as tenants in common, but upon the express condition that they should assume and discharge the indebtedness due by the testatrix at her death. The other tract was devised to her husband.

The administrator called upon the devisees of the forty-acre tract to discharge the indebtedness and take the land, but they declined to do so, and repudiated the will. There was never any contest, however, over the will, and the existence and validity of the will is not questioned. Upon the refusal of the devisees of the forty acres to pay the indebtedness and take the land, the administrator applied for, and obtained, an order of sale from the probate court to sell the forty-acre tract. Pursuant to this order, the forty-acre tract was sold to H. L. Richardson for the sum of $1,225. At this sale Richardson became the purchaser after competitive bidding against the Wisners and Mrs. Allen, who would have been the heirs in case of intestacy, as Mrs. Harper left no children or descendants of children. After the confirmation of this sale in the probate court, James Wisner appealed from this order of confirmation, and the circuit court held that the sale was void because of certain irregularities in connection therewith. This judgment of the circuit court was affirmed on appeal to this court. James A. Harper, the administrator, also sold a twenty-acre tract of land which he, himself, owned, and, with a portion of the proceeds of this sale, and by using all of the money paid him by Richardson, he paid the indebtedness due the loan company, which at that time amounted to $1,719.

Richardson brought this suit to be subrogated to the rights of the loan company, and Harper, the husband, who was made a defendant, filed an answer and cross-complaint, in which he prayed that he, too, be subrogated to the extent of the portion of the indebtedness paid by him, which amounted to $494. Various pleadings were filed by the heirs at law, including demurrers to the pleadings filed by both Richardson and Harper. The issue is raised that the right of subrogation did not exist.

The court granted subrogation to Richardson for the sum paid by him and the interest thereon in the forty-acre tract, and granted to Harper subrogation subject to the lien of Richardson.

It is insisted that subrogation should not have been granted to Harper at all, and that, if granted to Richardson, the right should have been given against all the land described in the deeds of trust, and not limited to the forty-acre tract which he purchased. The argument is that subrogation is an equitable relief which is granted only when it accords with equitable principles, and it is insisted that the equities are with the brothers and sisters. They say they have repudiated the will, and that the indebtedness due the loan company, in satisfaction of which the forty-acre tract was sold to Richardson, was the individual debt of Harper, and not the debt of his wife, and they say that, inasmuch as Harper, by selling his twenty-acre tract of land, placed it beyond the reach of the court, the interest given him under the will should first be subjected to the payment of the indebtedness due the loan company.

(1-2) Richardson does not complain that his right of subrogation was limited to the forty-acre tract of land which he bought at the administrator's sale, and we need not, therefore, review the correctness of this limitation. Was the decree correct in other respects? We answer this question affirmatively. Learned counsel for appellants mistake the effect of the will of Mrs. Harper. It is true, of course, that appellants could not be required to pay the debts of their sister, and it is equally true they were not required to take under the terms of the will. But their election in the premises extended only to the right to take, or not to take, under the terms of the will. They could not elect to take the benefits granted by the will, and renounce its burdens. If they elected to claim the property devised to them, they took that property with the burden upon it which the will imposed, and that burden was to pay the debts. They, of course, took no interest in the tract, which was devised by the testatrix to her husband. Appellants refer to themselves as the heirs of their sister. So they are. But the will arrested the operation of the law of descent and distribution. Collateral heirs are not given a right, such as a widow has, to elect

between the provisions of a will and the provisions of the statute. The rights of these collateral heirs depend upon the provisions of the will, and they take only such interest as the will gives them, and by the decree in this cause the court accorded them the right to take the property devised them upon compliance with the terms of the will, that is, to pay the debts. They declined to do so, and can not, therefore, now complain. Decree affirmed.

SMITH, J., (on rehearing). (3) Counsel has filed a petition for rehearing in which it is insisted that we have failed to discuss the point upon which he chiefly relied for the reversal of the decree of the court below. It is, that the twenty acres owned by Harper and which he sold to raise the money to pay the mortgage indebtedness was unaffected by the terms of the will and also that that twenty acres of the land was of sufficient value to pay this indebtedness. It is argued that inasmuch as the mortgage indebtedness was Harper's debt that there should be a marshaling of assets and that the land which Harper took under the will should first be subjected to the demands of Richardson for subrogation.

We did not overlook this contention of counsel. In fact, we considered the original opinion as decisive of the question stated. But that the question may be put at rest, we do now expressly decide that the record in this case presents no question for the application of the doctrine of marshaling assets. It is true, as recited in the decree of the court below, that appellants renounced the provisions of their sister's will, but it also is true that when they did this they renounced all their interest in the land therein devised.

Counsel insist that we are in error in holding that if appellants elected to claim the property devised to them they took that property with the burden imposed by the will, which burden was to pay the debts. Because of the earnestness of this insistence we quote the provisions of the will on that subject, which are as follows:

"I do hereby give, grant and devise unto my brothers, James M. Wisner, John H. Wisner, Rufus Lloyd Wisner and my sister, Elsie Allen, the following real estate, situated in Randolph County, Arkansas, and described as follows, towit: The southwest quarter of the northeast quarter, section 32, township 20 north, range 3 east, to them in common and undivided, to each an undivided one-fourth interest therein, subject, however, to the following terms and conditions, towit: . That my said brothers, James M. Wisner, John H. Wisner, Rufus Lloyd Wisner, and my said sister, Elsie Allen, shall assume to pay and shall pay when due all sums either as principal or interest now due or which may hereafter become due by virtue of a certain mortgage held by Commonwealth Trust Company of St. Louis, Mo., which said mortgage is in the sum of $1,500 with interest at the rate of 8 per cent. per annum from date until paid, and covering certain lands situated in Randolph County, Arkansas, and described as follows, towit: Southwest quarter, northeast quarter; also north part of southeast quarter, northeast quarter; also southeast part of southeast quarter, northeast quarter, all in section 32, township. 20, range 3 east; and it is my will that my said three brothers last above named and my one sister last above named shall so assume to pay, and when due to pay and fully satisfy and discharge and release such mortgage and hold my husband, J. A. Harper, harmless therefrom, and in case of the failure of my said brothers or my said sister to so pay and discharge such debts the same shall become and remain a lien upon the respective interests of my said brothers and sister in said land, and their said title thereto shall not vest absolutely in them or either of them until such debt is fully paid and discharged."

The next paragraph of the will specifically devises to Harper the remainder of the testatrix's land and that paragraph provides as follows:

"I do give, grant and devise unto my beloved husband, J. A. Harper, certain real estate situated in Randolph County, Arkansas, and described as follows, towit:

The north part of the southeast quarter of the northeast quarter of section 32, township 20, range 3 east, containing ten acres, more or less, the same to vest in him free of any lien or mortgage thereon, the payment of the existing mortgage thereon to be assumed and discharged by my brothers and sister hereinbefore mentioned.''

Now, of course, it is true that when Richardson commenced this suit for subrogation there was no mortgage indebtedness, the same having been paid by Harper in the manner herein stated. But appellants are in no position to take advantage of that fact. Their option, as stated, was to take the land with the burden imposed by the testatrix or not to take it at all, and to grant them now the relief they pray would put upon the land devised to Harper the burden of paying this mortgage indebtedness, whereas the will provided it should ''vest in him free of any lien or mortgage.'' The manifest purpose of the testatrix can not be thus defeated.