WHEELER & MOTTER MERCANTILE COMPANY *v.* KNOX.

Opinion delivered October 21, 1918.

DESCENT AND DISTRIBUTION—DEBTS ENFORCIBLE AGAINST HEIRS.—The interest of an heir in his ancestor's real estate descends to him free from his general debts to his intestate.

Appeal from Jefferson Chancery Court; *Jno. M. Elliott,* Chancellor; reversed.

*A. R. Cooper,* for appellant.

1. The real estate descends to the heir free from any indebtedness to the ancestor, subject only to the debts of the estate and dower and homestead. Kirby's Dig., § 2636 to 2657; 15 Ark. 583; 72 Ark. 272; 34 *Id.* 391; 74 *Id.* 149; 49 *Id.* 87; 15 A. & E. Ann. Cases, 567; 11 Rul. Case Law, § 163; 18 Cyc. 180; 14 *Id.* 102-110. The rule is well settled in this State.

2. See also 46 Ark. 373; 49 *Id.* 87; 117 *Id.* 418; 234 U. S. 615; 38 *Id.* 492. As to rulings in other States see 4 L. R. A. (N. S.) 189, and case note; 7 A. & E. Ann. Cas. 563; L. R. A. 1915, A, p. 1179.

3. The debt was barred by limitation. 14 Atl. 201; 74 Me. 483; 136 Mass. 138; 9 R. C. L. 110, § 109; 7 Ann. Cas., A. & E. 565; 98 N. W. 701; 2 Person (Pa.) 473; 25 S. C. 293; 120 Ill. App. 92.

*Taylor, Jones & Taylor* and *Bridges, Wooldridge & Wooldridge,* for appellees.

1. The debt due the ancestor should be deducted or off-set. 53 Ark. 137; 9 R. C. L., § 108; 66 S. E. 675-8.

2. The debt is not barred. 57 S. E. 623. The debt should be retained or off-set. 37 L. R. A. 98; 18 *Id.* 158; 39 *Id.* 686; 22 *Id.* 177. The great weight of authority is against Marvin & Bowlby. 4 L. R. A. (N. S.) 189. See authorities cited in note to case; L. R. A. 1915, A, 1184.

*A. R. Cooper,* for appellant in reply.

Cites 37 L. R. A. 98; 25 S. C. 293; 43 N. J. Eq. 206; 153 Mich. 310; 163 *Id.* 130; 12 Heisk. 245; 10 Atl. 240; 2 Barb. Chy. 534; 20 S. C. 475; 17 Mass. 93; 7 Allen, 192;

17 Mass. 93; 19 Pick. 167; 26 S. W. 1015; 9 *Id.* 299; 101 Ind. 172; 57 S. E. 623; 104 Ala. 493; 19 L. R. A. 1915a, p. 1184.

HUMPHREYS, J.   Appellant, Wheeler & Motter Mercantile Company, obtained a judgment in the Jefferson Circuit Court against A. S. Knox on the 10th day of October, 1913, for $843.97 and costs.   On the 22nd day of July, 1916, appellant procured an execution, and had it levied upon certain real estate in said county inherited by A. S. Knox from his father, R. M. Knox.   Appellees, the widow and all the heirs of R. M. Knox, deceased, except A. S. Knox, instituted this suit against appellants in the Jefferson Chancery Court seeking to enjoin further proceedings under the execution aforesaid, or the enforcement of the judgment obtained by appellant mercantile company against said Knox against the lands in question.   It was alleged that A. S. Knox was indebted to his father, R. M. Knox, at the time of his death, in the sum of $3,250 by way of advancement, evidenced by a promissory note, and $6,996 on open account, together with $1,054 interest, making a total indebtedness of the said A. S. Knox to his father at the time of his death in the sum of $11,300; that the value of the real estate owned by R. M. Knox at the time of his death was $41,609.28, and that the value of the interest of A. S. Knox in said real estate was $4,633.23; that the indebtedness of A. S. Knox to his father was largely in excess of his interest in said real estate; that on the —— day of ——————, 19——, a decree in partition of said lands was entered in the Jefferson Chancery Court between the widow and all of said heirs, in which it was ascertained and determined that Albert S. Knox had received an advancement from his deceased father and was indebted to the estate in a sum in excess of his share of said estate, and that no portion of said real estate should be allotted to him, and the land was partitioned amongst the other heirs according to their several interests ascertained by the court; that F. G. Bridges had been appointed administrator of the estate of R. M. Knox, de-

ceased, and, on July 16, 1915, the said A. S. Knox conveyed all of his interest in said real estate to' F. G. Bridges, administrator, to secure his indebtedness to said estate, reciting in the instrument the various items of indebtedness he owed his father at the time of his death.

Appellants denied in their separate answers that A. S. Knox was so indebted to his father at the time of his death; that the advancements and indebtedness in the aggregate exceeded the value of the share or interest of said A. S. Knox in the real estate of his father; and charged that the indebtedness, if any existed, consisted of moneys loaned to A. S. Knox or paid to third parties for his benefit, and pleaded the statute of limitations in bar thereof.

The cause was submitted to the court upon the pleadings and an agreed statement of facts, which, in substance, agreed in reference to the advancement and indebtedness with the allegations contained in the complaint. Under our view of the law, it is unnecessary to set out verbatim the agreed statement of facts. It would only serve to consume unnecessary space.

The chancellor ruled that a one-ninth interest in said real estate descended to A. S. Knox, subject not only to the advancement made by R. M. Knox, but also subject to the indebtedness of A. S. Knox to R. M. Knox at the time of his death, and that the decree of partition divesting him of his apparent interest and vesting same in the other heirs, by way of equitable off-set, and the subsequent conveyance of his interest in said lands to the administrator of the estate, took precedence over the judgment lien of appellant. In keeping with this ruling, the court rendered a decree perpetually enjoining appellants from proceeding under the execution or judgment and quieting the title to said real estate in the appellees. From this decree, an appeal has been prosecuted to this court.

The question presented on appeal is, whether or not land descends upon the death of the owner to the heir,

free of any indebtedness from the heir to the owner, or whether it descends to him subject to his indebtedness to the owner. Section 2636 of Kirby's Digest is, in part, as follows: "When any person shall die, having title to any real estate of inheritance, or personal estate, not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower, in the following manner:

"First. To children, or their descendants, in equal parts." * * *

In the early case of *Kelly's Heirs* v. *McGuire*, 15 Ark. 555, this court held that the effect of the section just quoted was to vest an absolute estate of inheritance in lands in the person who takes, subject to the indebtedness of the intestate and the rights of dower and homestead. This construction of the statute has been persistently adhered to in later cases. *Sisk* v. *Almon*, 34 Ark. 391; *Chowning* v. *Stanfield*, 49 Ark. 87; *Hopson* v. *Oxford*, 72 Ark. 272; *State Fair Association* v. *Terry*, 74 Ark. 149.

Sections 2650, 2651 and 2652 of Kirby's Digest make advancements, as defined in those sections, a charge upon the heir's interest in the intestate's real estate. If the Legislature had intended to make an heir's ordinary debt to his intestate a charge upon the heir's interest in the real estate, it would have been easy to include such debts in the sections making advancements a charge. By the inclusion of one, the exclusion of the other is logically inferable. It is insisted by appellee that, notwithstanding the repeated declarations of this court that an absolute title to an intestate's real estate descends to the heir subject to the intestate's debts, dower, homestead rights and advancements, it descends subject also to the general indebtedness of the heir to the intestate. The case of *Wilson* v. *Slaughter*, 53 Ark. 137, is cited as decisive of their contention. The facts in that case are entirely different from the facts in the instant case. In that case, Edwin Jones mortgaged his land to secure his

brother John's indebtedness. Edwin died and John inherited a one-third interest in the land. The mortgage was foreclosed under the power and paid out of the proceeds of the sale. There was a balance in the trustee's hands after paying the mortgage, and Philander Littell, who purchased John's interest in the estate with actual knowledge of all the facts, claimed one-third of it. The court held that John was not entitled to it as against his co-heirs, because his interest in the lands had been appropriated to the payment of his own debt. The case stood as if Jones himself had mortgaged his undivided interest in the land to secure his indebtedness. The purchaser of Jones' interest, having bought with actual knowledge of all the facts, obtained no greater interest than John had. In the instant case, A. S. Knox was in no sense a mortgagor of his own undivided interest in the real estate. It was not pledged in the lifetime of the intestate to secure A. S. Knox's indebtedness. No part of the land was appropriated to the payment of A. S. Knox's debts prior to the procurement of appellant's judgment. We do not think the case of *Wilson* v. *Slaughter* is authority upon the point involved in the instant case. The question involved in the instant case has never been directly before this court for adjudication. The conflict existing in the decisions of other States can not be entirely reconciled. The courts themselves are divided as to where the weight of authority lies, as will be discovered by reference to the following authorities: 9 R. C. L., p. 108, sec. 107, case note; 7 A. & E. Ann. Cases, 563, case note; L. R. A. 1915 A, p. 1179, case note; *Marvin* v. *Bowlby*, 4 L. R. A. (N. S.) 189.

It is said in the case of *Marvin* v. *Bowlby, supra,* that: "The authorities which do not support the doctrine of retainer or set-off are based on the theory that the real estate of the intestate descends directly to the heirs upon the death of the ancestor, and vests in them, subject only to the debt of the estate, etc. The cases in which the opposite doctrine finds support are based on statutory provision or proceed on the theory that an heir

who is a debtor to the estate stands in the attitude of having received so much from the estate.''

In this State, it is firmly established that the real estate of the intestate descends directly to the heirs upon the death of the ancestor, subject to the statutory exceptions. There is no statute incumbering an heir's interest in real estate with his indebtedness to the ancestor.

. With these two guide posts, it seems but a step in the process of logic to determine that the heir's interest in real estate descends to him free from his general debts to his intestate, and that it is unnecessary to enter upon the uncertain course of determining where the general authority lies. It is insisted strenuously by appellee that the great weight of authority sustains the equitable doctrine of off-set or retainer in the settlement of estates between heirs. In support of this contention a number of authorities are cited. Most of the cases cited, however, pertain to a fund held by administrators or executors, and do not pertain to real estate. In some of the cases cited by appellees, it is pointed out that the rule is not the same with reference to the two classes of property. It seems that in the States where the doctrine of equitable off-set or retainer is applied to both classes of property it is because the statute of the State makes no distinction in the descent of personalty and realty. It was said in the case of *Stenson* v. *H. S. Halvorson Co.*, L. R. A. 1915 A, p. 1179, that:

''The distinction thus drawn by the Michigan court between real and personal estate is not applicable in North Dakota, for, as above stated by section 5186, Rev. Codes, the property, both real and personal, of one who dies intestate, passes to the heirs of such intestate subject to the control of the county court, and to the possession of the administrator for the purposes of administration. In other words, no distinction whatever is made between the two classes of estates in this regard.''

The case of *Oxsheer* v. *Nave*, 37 L. R. A. (Texas) p. 100, sustains the contention of appellees, but seems to be

in conflict with the general rule that the doctrine of equitable set-off or retainer does not apply to real estate which descends immediately and directly to the heir upon the death of the intestate.

In Arkansas the distinctions between the two classes of property have been preserved. An administrator takes charge of the personalty for the purpose of administering on the estate. Not so with the realty. Unless it becomes necessary to appropriate real property to pay the indebtedness of the estate, the administrator can not even take possession of it. It does not concern him because lands are not administered through him. Lands descend in Arkansas directly to the heir, subject to the exceptions provided in the statute of descents and distributions. *Stewart* v. *Smiley*, 46 Ark. 373; *Chowning* v. *Stanfield*, 49 Ark. 87.

In this view of the law, it is immaterial whether the debt due from the heir, A. S. Knox, to the intestate, R. M. Knox, was barred by the statute of limitations, so we refrain from entering upon a discussion of that point.

For the error indicated, the decree of the court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.