## FOULKES *v.* FOULKES.

### Opinion delivered February 28, 1927.

1. WILLS—RIGHT OF DEVISEE TO RENOUNCE WILL.—An heir who is devisee under a will of his mother has no right to renounce the will and take under the law of intestacy, as the testatrix had a right to dispose of the property among her children as she saw fit.

2. WILLS—RIGHT OF DEVISEE TO RENOUNCE WILL.—Where a testatrix devised land to one of five children on which she placed a certain value, subject to the devisee paying to the estate all in excess of one-fifth part of the entire estate, the devisee could not renounce the devise, which he claimed to be overvalued, and still take under the residuary clause, as a devisee electing to take benefits under a will must also assume its burdens.

3. APPEAL AND ERROR—APPEALABLE JUDGMENT.—A decree adjudging the rights of devisees under a will and ordering the sale of property and distribution of the proceeds is a final decree, from which an appeal lies.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Sam T. & Tom Poe,* for appellant.

*R. P. Taylor* and *Lee Miles,* for appellee.

KIRBY, J.    This suit was begun by appellee against the other heirs and the executor of the estate for construction of his mother's will, appellee claiming the right to renounce the devise to him under § 3, allowing it to fall into the residuum of the estate, and to claim, under paragraph 7, an equal share of the estate with the other heirs, and from the decree adjudging he had the right to do so and ordering the sale of the property, and the distribution thereof in equal shares to the other heirs, the debts of the estate having all been paid, this appeal is prosecuted.

Paragraphs 1 and 2 of the will made bequests to three of appellee's sisters of a piano and household furniture, and personal effects.

Paragraphs 3 and 6 read as follows:

"Three. I give and devise to my son, W. J. P. Foulkes, subject to the charge hereinafter expressed, lots one (1) and (2), block five (5), Plunkett's Second Division to the city of Little Rock, Arkansas, with all appurtenances thereunto belonging, the said lots to be held to be of the value of seventy-five hundred ($7,500) dollars, of which the said W. J. P. Foulkes, within one year after my death, shall pay all in excess of a one-fifth part of my entire estate (excluding, however, the bequests hereinabove made), which excess shall constitute a lien against the said described lots in favor of my estate."

"Six. After the above bequests are made, with said advancements included, I give, devise and bequeath all of the residue of my property of every kind and character, real, personal and mixed, and wheresoever situated, to my five children, W. J. P. Foulkes, J. J. C. Foulkes, Mrs. Rose Owens, Mrs. Nellie Heiden and Mrs. Carrie Blanz, each a one-fifth part, so that with the said advancements each of my said five children shall share and share

alike in my estate, except as to the special bequests above made, in paragraphs one and two.''

In paragraph 4 appellant is given certain lots, the value fixed at $2,000, and charged with an additional advancement of $600, all to be charged against him as an advancement. One of the daughters, Mrs. Owens, is also charged with a $2,000 advancement in paragraph 5.

The Union and Mercantile Trust Company of Little Rock was appointed executor, in paragraph 7, and it was shown that one of the sisters had died since the death of the testatrix, leaving no heirs, with the estate to be divided among four instead of five children.

There was some testimony tending to show that the value placed upon the devise of the home place to appellee was much greater than its market value, and also relative to the claim of appellant that he should be entitled to a credit upon the amount of the advancement charged to him in paragraph 5, as well as to collection and disposition of rents from the property devised to appellee.

The testatrix had the right to dispose of her property among her children according to her pleasure, or to give it all to somebody else, if she preferred to do so, by will properly executed, and there is no right of election of appellee to renounce the will and take under the law as though no will had been executed, such as a widow has, to elect between the provision of a will and of the statute.

In *Wisner* v. *Richardson*, 132 Ark. 575, 202 S. W. 17, where the appellants were attempting to avoid the payment of certain debts charged against the land devised to them, the court said: ''But their election in the premises extended only to the right to take, or not to take, under the terms of the will. They could not elect to take the benefits granted by the will and renounce its burdens. If they elected to claim the property devised to them, they took that property with the burden upon it which the will imposed, and that burden was to pay the debts. They, of course, took no interest in the tract, which was

devised by the testatrix to her husband. Appellants refer to themselves as the heirs of their sister. So they are. But the will arrested the operation of the law of descent and distribution. Collateral heirs are not given a right, such as a widow has, to elect between the provisions of a will and the provisions of the statute."

The intention of the testatrix is clearly and accurately expressed in the devise made to this appellee, and he had no right, as a devisee, to renounce the devise in the one paragraph of the will and insist upon the devise made in the other paragraph, since he believed it would be less burdensome and equal a greater amount, and provide a greater benefit to him than if he took in accordance with the devise in both paragraphs.

There is no conflict between the devise made, nor any provision or expression in the will indicating a contrary intention of the testatrix that this devisee should share in the distribution of the estate, except in the manner and as provided for by the will, and the court erred in decreeing otherwise. Of course he can pay in a less sum than the difference between the value of the property as fixed by the devise in paragraph 3 and the one-fourth interest in the estate by the amount, crediting the one-fourth of the residuum of the estate to which he is entitled under paragraph 6 will reduce it.

There is no merit in the motion to dismiss the appeal on the ground that the judgment appealed from is not final.

It follows that the judgment of the lower court and the decree of the chancellor is erroneous, and it is reversed, and the cause remanded with directions to enter decree not inconsistent with this opinion, and for further necessary proceedings.