FALLS *v.* DRIVER.

Opinion delivered May 14, 1928.

*A. F. Barham* and *J. F. Gautney,* for appellant.

*J. T. Coston,* for appellee.

MEHAFFY, J. Appellants filed in the chancery court of Mississippi County, Arkansas, Osceola District, a complaint seeking to foreclose a mortgage or deed of trust executed by William Walter Driver on April 12, 1921, to E. F. Falls and others, trustees for J. T. Fargason & Company and other creditors of William Walter Driver, and among other property included in the mortgage was an undivided one-seventh interest inherited by William Walter Driver from his mother, Mrs. S. L. Driver, in and to lands described in plaintiffs' complaint. Thereafter Abner Driver, administrator of the S. L. Driver estate, filed an intervention claiming lands described in plaintiff's complaint as the one-seventh interest in the S. L. Driver estate, stating that the total value of the estate would not exceed $126,000, and that W. W. Driver is entitled to an undivided one-seventh interest; that W. W. Driver is indebted to the said S. L. Driver estate in the sum of $42,140.71, which indebtedness was incurred prior to the execution of the trust agreement set out in plaintiff's complaint, and that the same is now due and unpaid; that the administrator of the S. L. Driver estate never became a party to nor agreed to the trust agreement, but has always refused to agree to said trust agree-

ment and refused to release any lien or claim against Driver that the estate might have on any part or share of said estate belonging to said W. W. Driver; that the indebtedness of W. W. Driver was incurred in the lifetime of Mrs. S. L. Driver, deceased, and is a prior claim upon defendant's one-seventh interest.

Appellants answered the intervention, and denied all the material allegations thereof, and pleaded the one-year and the two-year statutes of limitation, and that the claim was barred by laches.

The claim of the estate against W. W. Driver consisted largely of promissory notes, the first one being dated November 1, 1909; one was dated 1910; one 1911, and three in 1912, and of checks given W. W. Driver by S. L. Driver in her lifetime. A list of the debts, together with a list of payments on notes and accounts, were introduced in evidence and the testimony of witnesses then taken, the testimony on the part of the interveners tending to show that Driver owed the estate the amount claimed and that the administrator of the estate was present at some of the meetings when the giving of the deed of trust or mortgage sought to be foreclosed was discussed, and it was also shown in evidence that many of the credits claimed were not indorsed on the notes, and that some of the payments were made after the notes were barred by the statute of limitations. It is unnecessary to set out the testimony in detail.

Appellants' first contention is that the finding of the court as to the amount of the indebtedness is clearly against the weight of the evidence, and in fact without any substantial evidence to support it, and it is claimed that the testimony, instead of showing an indebtedness of $36,788.33, as found by the court, showed a balance due of only $15,894.14.

We think the testimony, if believed, justifies the finding of the chancellor. There was no testimony contradicting the statement of the witnesses, and W. W. Driver testified that he owed the amount claimed, and the auditor's report also showed the amount claimed, and

there was no testimony contradicting this. We therefore conclude that the findings of fact by the chancellor were not against the preponderance of the evidence, and, that being true, the findings of fact by the chancellor will not be disturbed.

It is next contended that the notes are barred by the statutes of limitation of one year and two years. No other statute of limitation is pleaded. Appellants do, however, plead that the claims are stale and should be disallowed on that account.

The evidence, without dispute, shows that these claims were made during the lifetime of Mrs. S. L. Driver and prior to the mortgage executed by W. W. Driver, and, under the evidence in this case, the claims were not barred by the statutes of limitation pleaded by the appellants. Driver himself did not plead the statute of limitation, and testified that he owed debts.

It is next contended that the interveners relied on the notes and checks being advancements to W. W. Driver, and appellants contend that, if they were not advancements, then the land descended to Driver free of any claim which the administrator of the estate of S. L. Driver may have had against W. W. Driver, and that the land is subject to the claims of the appellants, and that the sale under execution is good as against the administrator.

Appellants call attention to and rely on *Wheeler & Motter Mercantile Co.* v. *Knox,* 136 Ark. 95, 206 S. W. 46. That case quotes § 2636 of Kirby's Digest as follows: "When any person shall die, having title to any real estate of inheritance, or personal estate, not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower, in the following manner: First. To children, or their descendants, in equal parts. * * *." Attention was then called to the fact that the case of *Kelly's Heirs* v. *McGuire,* 15 Ark. 555, held that the ef-

fect of this section was to vest an absolute estate of inheritance in lands in the person who takes, subject to the indebtedness of the intestate and the rights of dower and homestead, and that this construction has been persistently followed in later cases.

We agree with this contention of the appellants. In the case of *Wheeler & Motter Mercantile Co.* v. *Knox, supra,* the court said: ''Sections 2650, 2651 and 2652 of Kirby's Digest make advancements, as defined in those sections, a charge upon the heir's interest in the intestate's real estate. If the Legislature had intended to make an heir's ordinary debt to his intestate a charge upon the heir's interest in the real estate, it would have been easy to include such debts in the sections making advancements a charge. By the inclusion of one, the exclusion of the other is logically inferable. It is insisted by appellee that, notwithstanding the repeated declarations of this court that an absolute title to an intestate's real estate descends to the heir subject to the intestate's debts, dower, homestead rights and advancements, it descends subject also to the general indebtedness of the heir to the intestate. The case of *Wilson* v. *Slaughter,* 53 Ark. 137, 93 S. W. 515, is cited as decisive of their contention. The facts in that case are entirely different from the facts in the instant case. In that case, Edwin Jones mortgaged his lands to secure his brother John's indebtedness. * * * In the instant case, A. S. Knox was in no sense a mortgagor of his own undivided interest in the real estate. It was not pledged in the lifetime of the intestate to secure A. S. Knox's indebtedness. No part of the land was appropriated to the payment of A. S. Knox's debts prior to the procurement of appellant's judgment.''

In the instant case there is no claim of advancement, but it is claimed that the ordinary debts of W. W. Driver to the estate of S. L. Driver was a charge on the real estate. In other words, that he took the real estate after deducting the amount of his indebtedness to the estate. This question is decided directly against appel-

lee in the case last mentioned. W. W. Driver could have mortgaged his interest in his mother's estate to secure the payment of his debts to the estate, or he could have conveyed it, but he could also mortgage it to secure his other debts, and this is what he did. He executed a mortgage on this property in 1921 to trustees for the benefit of his creditors, and in December, 1924, he conveyed his interest in the property to the other heirs. If his conveyance to the heirs had been prior to his mortgage, it would have been a valid conveyance, because, as this court has held, the land descended, upon the death of the owner, to the heir, free of any indebtedness from the heir to the owner, as stated in the case above referred to. "In this State it is firmly established that the real estate of the intestate descends directly to the heirs upon the death of the ancestor subject to the statutory exceptions. There is no statute incumbering an heir's interest in real estate with his indebtedness to his ancestor." It descended to W. W. Driver free of any charge or lien. He could therefore make any disposition of it that he wished to make.

It would be useless to prolong this opinion, because we hold that this case is controlled by the case of *Wheeler & Motter Mercantile Co.* v. *Knox, supra.*

It follows therefore that the decree on cross-appeal must be affirmed, and that the decree must be reversed on the appeal, and the cause remanded with directions for further proceedings not inconsistent with this opinion.