AVERY POWER MACHINERY COMPANY *v.* McADAMS.

Opinion delivered June 11, 1928.

520

*W. A. Leach,* for appellant.
*G. W. Botts,* for appellee.

HART, C. J., (after stating the facts). Appellants seek to reverse the decree upon the authority of *Wheeler & Motter Mercantile Co.* v. *Knox,* 136 Ark. 95, 206 S. W. 46, and *Falls* v. *Driver, post* p. 703, in which it was stated that the court adheres to the doctrine that the real estate of an intestate descends directly to the heirs upon the death of the ancestor, subject to the statutory exceptions, and that there is no statute incumbering an heir's interest in real estate with his indebtedness to his ancestor. In other words, it may be stated as the settled rule in this State that, except where the indebtedness be held an advancement, the distributive share of an heir or devisee in the real property of the estate is not chargeable with the heir's or devisee's indebtedness to the estate, either as against the land itself or the proceeds of the sale thereof; but the indebtedness must be collected in the same manner as any other indebtedness due the estate. We do not think, however, that this rule is applicable under the facts presented in the case at bar.

In a case-note to 1 A. L. R., p. 1009, it is said that, irrespective of the attitude of the courts in any particular jurisdiction, on the question where a legacy be retained in satisfaction of a statute-barred debt owed to the tes-

tator, it is uniformly held that, where a testator directs that any debts due, or owing to him, from legatees, shall be brought into the division of the estate, or deducted from the share of the one so indebted, the debt must be deducted, though barred by the Statute of Limitations. *Holt* v. *Libby* (1888), 80 Me. 329, 14 Atl. 201; *Baker* v. *Safe Deposit & T. Co.* (1901), 93 Md. 368, 48 Atl. 920, 49 Atl. 623; *Cummings* v. *Bramhall* (1876), 120 Mass. 552; *Allen* v. *Edwards* (1883), 136 Mass. 138; and *Gillingham's Estate* (1908), 220 Pa. 353, 69 Atl. 809.

The reason is that the legatee or devisee is a mere volunteer, and must take the bounty of the testator upon the terms upon which it is bestowed. In other words, where a devisee elects to take under the will of the testator, he must take subject to all conditions the testator has seen fit to impose. In this connection it may be stated that the Supreme Courts of the States of Maryland and of Massachusetts are among those holding that the share of an heir in the real estate of the intestate is not chargeable with a debt from the heir to the estate. The holdings of these courts are in accordance with our own holding on the subject; and their decisions, that a testator may make his own debts, due from devisee, a charge to be satisfied out of his portion, and which must therefore be met before the devisee is entitled to the devise, would have peculiar force with us.

In *Foulkes* v. *Foulkes,* 173 Ark. 188, 293 S. W. 1, it was held that one electing to take under a will must take under the terms of the will, and, if he elects to take the property, he must do so under the conditions expressed in the will.

There would seem to be no good reason why the testator might not impose like conditions in an agreement executed between him and a devisee under his will subsequent to the execution of the will. In the case at bar, after the will had been executed, one of the devisees in the will executed a promissory note to his father, the testator, for a sum which was much more than the value of the part of the estate devised to him. I. T. McAdams,

the signer of the note, executed an agreement with his father that, in the event the note or any part of it remained unpaid at the time of the death of his father, the amount due should be taken from or set-off against any legacy or interest which might be given to him in the last will and testament of his father. It was further agreed that the executor of the will should make said deduction or set-off, and that he should assign the note to I. T. McAdams in full exchange of such amount of his claim as would equal the amount due under the note. It was found that the interest which would have been received by I. T. McAdams under the will was less than the amount of the note which was due at the time his father died. In other words, the debt of I. T. McAdams to the estate of S. M. McAdams, deceased, was much greater than the share of the estate to which he would have been entitled as a residuary devisee under the will of his father. His agreement should be considered as an assignment of his devise as collateral security for the payment of his note. I. T. McAdams, being indebted to S. M. McAdams at the latter's death in an amount greater than his share of the estate under the will, his agreement that such indebtedness should be charged to him upon final distribution is valid, and should be carried out.

The probate court properly so held. That court had jurisdiction to make settlement and distribution of the testator's estate, and, in doing so, might determine the share of each devisee or distributee, and to that end might inquire into and determine the indebtedness of the devisee to the estate, and order a deduction of the same from his share. *Stenson* v. *H. S. Halvorson Co.*, 28 N. D. 151, 147 N. W. 800, Ann. Cas. 1916D, p. 1289, L. R. A. 1915A, 1179.

It follows that the decree of the chancery court was correct, and it will be affirmed.