ROWLAND v. WARD.

Opinion delivered January 14, 1929.

*Block & Kirsch,* for appellant.

*D. G. Beauchamp,* for appellee.

HUMPHREYS, J. This suit was brought by the administrator of the estate of L. W. Rowland, deceased, against appellees, in the chancery court of Greene County, to recover certain indebtedness owed to said estate by E. W. Rowland and to set aside a deed executed by him and his wife to Arthur H. Ward to his undivided one-eleventh interest in the real estate described therein, and to subject same to the payment of said indebtedness.

It was alleged in the complaint that the deceased, L. W. Rowland, signed a note in his lifetime for $1,730.68 to the National Bank of Commerce at Paragould, as surety for his son, E. W. Rowland, which was duly probated against the estate of the deceased, and paid by the administrator out of the assets of said estate. It was also alleged that E. W. Rowland borrowed $500 from his father on the 8th day of June, 1925, and executed his note for the amount, and that the administrator had been unable to collect either amount on account of the insolvency of E. W. Rowland. It was further alleged that E. W. Rowland fraudulently conveyed his undivided one-eleventh interest in all real estate owned by his father at the time of his death to Arthur H. Ward, for the purpose of cheating and defrauding the estate of L. W. Rowland in the collection of said indebtedness, for a pretended consideration of $500, although his interest in the real estate was worth twice that amount, and that in fact no consideration was paid for the real estate; and that Arthur H. Ward knew of Rowland's indebtedness to the estate, and participated in and aided him in effecting the fraudulent conveyance.

E. W. Rowland and his wife, although personally summoned, filed no answer to the complaint. Arthur H. Ward filed an answer to the complaint, denying each and every material allegation therein.

The cause was submitted upon the pleadings and testimony adduced, resulting in a finding in favor of Arthur H. Ward, and a dismissal of the complaint against him for want of equity, from which is this appeal.

On October 31, 1925, L. W. Rowland died intestate, and one of his sons, G. W. Rowland, qualified and administered upon his estate. He died seized and possessed of a large amount of real estate, in addition to his personal property. The personal property was insufficient to pay the indebtedness of the estate, and the administrator sold a part of the real estate to satisfy the unpaid probated claims. During the pendency of the administration all of the heirs, except E. W. Rowland,

sold their respective interests in the real estate to Sam McHaney for $700 to $900 a share. Taking into account the indebtedness of the bank, which the administrator paid, E. W. Rowland was indebted to his father's estate a little over $2,400, including interest. At the time of his father's death, in October, 1925, E. W. Rowland was in the grocery business, which he continued until April, 1926. During the time he was operating the grocery business the administrator requested him to deed his interest in the estate in liquidation of the debt which he owed it. The administrator testified that he agreed to do so, but he denied making such promise. In April, 1926, E. W. Rowland failed in the grocery business, and turned his stock, notes and accounts over to creditors. This seemingly satisfied his mercantile creditors, although the amount turned over by him to them did not entirely pay their claims. E. W. Rowland had several children in school, and needed money with which to support his family and keep the children in school. His wife, a sister of Arthur H. Ward, who resided at Peoria, Illinois, wrote to him concerning their financial distress. Ward had moved to Peoria from the neighborhood of Paragould in 1921. After receiving the letter from his sister, he and his family went to St. Louis to visit his wife's mother, and, while there, Ward concluded to go to Paragould to see how his sister and family were getting along. E. W. Rowland told him of his failure in the grocery business, and that he had turned over all his accounts and stock to his creditors in settlement of their bills, but informed him that he needed money very badly to live upon. Without telling Ward anything about his indebtedness to his father's estate, Rowland proposed to sell his undivided one-eleventh interest therein to Ward for $900, but Ward refused to pay him more than $735 for it. Rowland accepted this offer. Ward brought $535 to Paragould in cash, and, on the morning of his arrival, deposited it in the Paragould Trust Company. Rowland and his wife conveyed the land to Ward for an express consideration of $500, and the

deed recited that the interest conveyed is "subject to the debts and expenses of administration." Ward gave Rowland a check on the Paragould Trust Company for $500, and, after he returned to Peoria, he borrowed $200 and deposited it in the bank and sent a check for $235 to Rowland's wife to pay the balance of the consideration. The money paid Rowland by Ward was used for living expenses, and was not paid on any of his existing indebtedness. Ward testified that he brought the money in cash when he came to Paragould because a man would never know when he needed money. He further said that he sometimes bought and sold secondhand furniture. When asked why he deposited the money after arriving, he said that he did not want to walk around with that much money on his person. Before he purchased Rowland's interest in his father's estate, he and Rowland, and perhaps his sister, consulted John G. Hoskins, an attorney, as to whether Rowland had a right to convey his interest in the land, and was informed that, as there were no judgments or liens against it, he could do so. Ward testified that his only motive for buying the real estate was to provide means for the support of his sister's family, and that it was not his purpose or intention to assist Rowland in defrauding the estate. E. W. Rowland testified that his only purpose in selling his interest in the real estate was to get money upon which to live and send his children to school. Ward did not inspect the real estate before purchasing it, but, having lived there before, was familiar with it. There is no substantial evidence in the record tending to show that the value of Rowland's interest in his father's estate materially exceeded $735.

Appellant contends for a reversal of the decree upon the ground that the preponderance of the testimony is clearly against the finding of the chancellor to the effect that the conveyance of Rowland to Ward was not fraudulent. Appellant alleged, in substance, that the conveyance was a voluntary one, but, according to the

weight of the testimony, Ward paid Rowland $735 for his interest in his father's estate.

Appellant further contends that, as the deed conveying the Rowland one-eleventh interest in the estate to Ward recites a consideration for $500, they were bound by the recital, and could not show that the consideration was in excess of that amount. The case of *Carmack* v. *Lovett,* 44 Ark. 180, is cited in support of the contention. In that case the consideration recited was love and affection, and the court held that no consideration could be shown other than love and affection, because it would be repugnant to the consideration mentioned in the deed. In the instant case a valuable consideration was recited, and it would not be repugnant to the consideration mentioned by proving that the consideration recited was for more than $500. This court ruled in the case of *Galbraith, Stewart & Co.* v. *Cook,* 30 Ark. 417, that it was allowable to prove an additional valuable consideration because not repugnant to the one mentioned in the deed. We think the rule announced in *Galbraith, Stewart & Co.* v. *Cook, supra,* is the correct rule applicable to the facts in the case at bar. Although there are some discrepancies and conflicts in the testimony of the witnesses for appellee, the purport of their testimony was to the effect that the conveyance was made for an adequate consideration in cash, and for the sole purpose of providing means for the support of the Rowland family, and without knowledge on the part of Ward of any facts or circumstances which would put him upon notice that the purpose of Rowland in making the transfer was to defraud the estate out of the indebtedness he owed it. Their direct testimony was to the effect that the transaction was *bona fide,* and we do not think that a few discrepancies and conflicts in the testimony introduced by appellee— that Ward brought cash to the amount of $535 to Paragould in his pocket; that he failed to inspect the land before he purchased it; and that he consulted an attorney before doing so—are sufficient to overcome the find-

ings of the chancellor to the effect that the conveyance was not fraudulent. In this State an heir inherits the real estate of his ancestor free of any indebtedness he may owe the estate. *Wheeler Mercantile Co.* v. *Knox,* 136 Ark. 95, 206 S. W. 46; *Falls* v. *Driver,* 177 Ark. 703, 7 S. W. (2d) 780. Under this rule E. W. Rowland had a right to make any disposition of his interest in his father's real estate he wished to make, unless his purpose in doing so was to defraud his creditors Even if his purpose was to defraud his creditors, it would not affect his grantee who purchased it for a valuable consideration, unless the grantee had knowledge of facts and circumstances sufficient to put a man of common sagacity upon inquiry so that, by diligent investigation, he would discover the fraudulent purpose of the grantor.

No error appearing, the decree is affirmed.